# EXHIBIT 1



## Service of Process Transmittal Summary

**TO:**    Molly Frost
Alsco Inc.
505 E 200 S
SALT LAKE CITY, UT 84102-2007

**RE:**    **Process Served in Maryland**

**FOR:**    Alsco Inc.  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RYAN BARRY // To: Alsco Inc. |
| **CASE #:** | C16CV24005549 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | The Corporation Trust Incorporated, Lutherville Timonium, MD |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/25/2024 at 11:34 |
| **JURISDICTION SERVED:** | Maryland |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Adelaide Maudsley  amaudsley@alsco.com |
| | Email Notification,  Molly Frost  mfrost@alsco.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Incorporated |
| | 2405 York Rd |
| | Ste 201 |
| | Lutherville Timonium, MD 21093 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Nov 25, 2024
**Server Name:**                   Drop Service

| | |
|---|---|
| Entity Served | ALSCO INC. |
| Case Number | C16CV24005549 |
| Jurisdiction | MD |

| Inserts | | |
|---|---|---|
| | | |





E-FILED; Prince George's Circuit Court
Docket: 11/19/2024 2:17 PM; Submission: 11/19/2024 2:17 PM
Envelope: 18864722

**CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**
14735 Main Street, Upper Marlboro, Maryland, 20772

**To:** ALSCO INC.
SERVE: THE CORPORATION TRUST, INCORPORATED
2405 YORK ROAD, SUITE 201
LUTHERVILLE TIMONIUM, MD 21093-2264

|  |  |
|---|---|
| **Case Number:** | C-16-CV-24-005549 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**RYAN BARRY VS. ALSCO INC.**

Issue Date: 11/19/2024

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

RYAN BARRY
2883 Lowen Valley Road
Alexandria, VA  22303

This summons is effective for service only if served within 60 days after the date it is issued.

Mahasin El Amin #845
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Circuit Court for Prince George's County

**Ryan Barry vs. Alsco Inc.**                                    Case Number: C-16-CV-24-005549

## SHERIFF'S RETURN
### (please print)

To: ALSCO INC.

_____ ID# _____ of the _____
         Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                                          Name of person served

on _____ at _____
         Date of service                              Location of service

_____ by _____ with the following:
                                          Manner of service

☐ Summons                          ☐ Counter-Complaint
☐ Complaint                        ☐ Domestic Case Information Report
☐ Motions                          ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Interrogatories
☐ Other _____
                    Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction         ☐ Other _____
                                                      Please specify

Sheriff fee: $ _____ ☐ waived by _____

_____          _____
         Date                      Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

RYAN BARRY,  )
2883 Lowen Valley Road  )
Alexandria, Virginia 22303  )
        )
    Plaintiff,  )
        )
        )
v.  )    CASE NO. C-16-CV-24-005549
        )
ALSCO INC.,  )
4900 Philadelphia Way  )
Lanham, Maryland 20706  )
        )
    SERVE:  )
    The Corporation Trust, Incorporated  )
    2405 York Road, Suite 201  )
    Lutherville Timonium, Maryland 21093-2264  )
        )
    Defendant.  )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ryan Barry ("Mr. Barry"), for his Complaint against Defendant, Alsco Inc. ("Defendant" or "Alsco") states as follows:

### NATURE OF THE CONTROVERSY

1.    This case pertains to Alsco's improper and unjustified termination, defamation, and other maltreatment of Mr. Barry without warning and without cause after Mr. Barry's eight years of excellent service to Alsco.  Prior to Alsco's February 5, 2024 termination of Mr. Barry's employment, Mr. Barry was a model employee who was progressively promoted and tasked with handling failing offices which offices then recovered and flourished under Mr. Barry's leadership. Prior to the event at issue in this case, Mr. Barry had never had a bad performance review or been the subject of disciplinary action.  Inexplicably, without performing a thorough or meaningful investigation, Alsco abruptly terminated Mr. Barry's employment, issued a letter stating that he

1

had violated the Alsco Sexual Harassment Policy while intoxicated (which was untrue), and publicly walked him out of the building unnecessarily causing him embarrassment and humiliation in full view of other employees and third parties. When Mr. Barry requested information regarding Alsco's purported investigation and a copy of his own employment file, Alsco refused. Mr. Barry had built a strong personal reputation and a strong professional reputation throughout his industry, which reputation has been damaged by Alsco's improper and unjustified actions. Mr. Barry seeks damages resulting from Alsco's wrongful acts, including its defamation of Mr. Barry, its intentional infliction of emotional distress upon Mr. Barry, and its wrongful and abusive termination of Mr. Berry.

**PARTIES**

2.      At all relevant times herein, Mr. Barry was a resident of Fairfax County, Virginia. Mr. Barry was employed by Alsco beginning in 2015 and, beginning in 2019, worked out of Alsco's Lanham, Maryland office as a General Manager. Mr. Barry is married and has a child.

3.      Alsco is a corporation formed under the laws of the State of Nevada. Alsco conducts business in Prince George's County, Maryland at 4900 Philadelphia Way, Lanham, Mayland 20706.

**JURISDICTION AND VENUE**

4.      Jurisdiction is proper in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102; 6-103. Alsco has an office, and regularly conducts business, in Maryland. The acts giving rise to this Complaint occurred in Prince George's County, Maryland.

5.      Venue is appropriate in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201. Alsco carries on a regular business in Prince George's County, Maryland.

2

## FACTUAL BACKGROUND

6.      Defendant Alsco is a large company in the professional textile rental services industry.  It has 80 offices in approximately 28 states in the United States, as well as offices in approximately 11 foreign countries.

7.      Mr. Barry has worked in the professional textile rental services industry for more than ten years.

8.      Prior to embarking on his career in the textile rental services industry, Mr. Barry served in the Marine Corps with distinction for approximately eight years and earned multiple awards for his distinguished service.

9.      Beginning in 2012, Mr. Barry was employed by Unifirst Corporation ("Unifirst"), which is a competitor of Alsco in the professional textile rental services industry.

10.     At Unifirst, Mr. Barry received progressive promotions.  With each promotion, he was given more responsibility and was entrusted to oversee more employees. At Unifirst, Mr. Barry never received a negative performance review, nor was he the subject of any disciplinary action.

11.     During his tenure at Unifirst, Mr. Barry built a strong and positive reputation throughout the professional textile rental services industry as a knowledgeable and skilled businessman and a highly effective and qualified manager.

12.     In 2015, Defendant Alsco recruited Mr. Barry to work as an Alsco General Manager overseeing Alsco's Charleston, South Carolina plant (the "Charleston Plant").

13.     Prior to Mr. Barry's arrival, the Charleston Plant had been severely underperforming.

14.     Under Mr. Barry's leadership, the Charleston Plant recovered and flourished and became one of Alsco's most successful plants.

15.    In 2019, as a result of his success with the Charleston Plant, Alsco promoted Mr. Barry to the position of General Manager of what Alsco refers to as the Washington D.C. Plant, which is located in Lanham, Maryland.

16.    Under Mr. Barry's leadership, the Washington D.C. Plant became one of Alsco's top producing plants in the country, ranking in the top five of Alsco's eighty plants in the United States.

17.    In his eight years of employment with Alsco, Mr. Barry never received a negative performance review.

18.    Prior to the termination at issue in this case, Mr. Barry was never the subject of any disciplinary action at Alsco.

19.    While working for Alsco, Mr. Barry continued to build his strong and positive reputation throughout the professional textile rental services industry as a knowledgeable and skilled businessman and a highly effective and qualified manager.

20.    On or about January 26, 2024, Mr. Barry organized a holiday party for the employees of the Washington D.C. Plant and their spouses. The holiday party was held at The Hamilton restaurant in Washington, D.C. (the "Party").

21.    Approximately 28 Alsco employees attended the holiday Party, many of whom—including Mr. Barry as well as a general manager from a different Alsco plant—brought their spouses or other guests.

22.    Mr. Barry was in the presence of his wife, the Alsco employees, and their guests throughout the duration of the Party.

23. When the Party ended at approximately 9:00 p.m., most of the attendees departed from the venue. A small number of attendees relocated to a different area of the restaurant and remained there until approximately 10:00 p.m.

24. At no time during the Party or thereafter did Mr. Barry behave in an inappropriate manner.

25. On the morning of February 2, 2024, at approximately 7:30 a.m., Mr. Barry reported to work at the Washington D.C. Plant.

26. Upon his arrival, Mr. Barry noted the presence of Giovanni Notabartolo ("Mr. Notabartolo"), an Alsco Regional HR Business Partner, and Maggan Hutter ("Ms. Hutter"), an Alsco Corporate HR Field Manager. A management trainee, Patrick, who had worked under Mr. Barry for approximately one year, was also present with Ms. Hutter and Mr. Notabartolo.

27. Ms. Hutter advised Mr. Barry that she and Mr. Notabartolo were there to investigate a complaint.

28. Neither Ms. Hutter nor Mr. Notabartolo informed Mr. Barry of the identity of the complainant, the substance of the complaint, or that Mr. Barry was the subject of the complaint.

29. Approximately one or two hours later, Mr. Barry was called into the conference room to speak with Ms. Hutter and Mr. Notabartolo regarding the complaint.

30. Again, neither Ms. Hutter nor Mr. Notabartolo informed Mr. Barry of the identity of the complainant, the substance of the complaint, or that Mr. Barry was the subject of the complaint.

31. Mr. Barry assumed the investigation pertained to one of the Alsco employees who reported to Mr. Barry.

32. The meeting between Mr. Barry, Ms. Hutter, and Mr. Notabrtolo lasted approximately ten (10) minutes.

33. During the meeting, Ms. Hutter and Mr. Notabartolo asked Mr. Barry about the Party, whether anyone had consumed alcohol during the Party, whether Mr. Barry had been "impaired" at the Party, and whether he recalled hugging someone, caressing their head, and/or telling them that he loved them.

34. Mr. Barry confirmed that he had not been "impaired" at the Party and that he had not hugged anyone in the manner described by Ms. Hutter and Mr. Notabartolo.

35. At the conclusion of the February 2, 2024 meeting, Ms. Hutter and Mr. Notabartolo instructed Mr. Barry that their investigation information was confidential and that Mr. Barry was not to contact any of his employees regarding the matters discussed during the meeting or to try to conduct his own investigation.

36. Mr. Barry then returned to his office and resumed his work.

37. Upon information and belief, Alsco, through Ms. Hutter and Mr. Notabartolo, informed various Alsco employees of the allegations against Mr. Barry of purported inappropriate sexual conduct under the influence of alcohol at the Party.

38. Approximately one hour later, at about 10:30 a.m. on February 2, 2024, Ms. Hutter and Mr. Notabartolo went into Mr. Barry's office and advised him that a decision had been made to put Mr. Barry "out of service" until the following Tuesday, February 7, 2024, and that Mr. Barry would be contacted by his Regional Manager, Tim Jones ("Mr. Jones"), once the investigation was complete.

39. Mr. Barry was shocked at being informed that he was the subject of any accusation of misconduct or any investigation.

40.    Mr. Barry was also shocked by the cursory and superficial manner in which Alco apparently conducted the investigation.

41.    At approximately 10:30 a.m. on February 2, 2024, Mr. Notabartolo escorted Mr. Barry out of the Alsco office in front of all of the employees and other third parties present.

42.    Mr. Barry was embarrassed and humiliated by the way Mr. Notabartolo ushered him out of the office in front of his subordinates and other third parties.

43.    Alsco's public escort of Mr. Barry out of the office was an obvious indication to his staff and third parties that Alsco had determined Mr. Barry was guilty of some crime or misconduct.

44.    Alsco, through Ms. Hutter, Mr. Notabartolo, and Mr. Jones, instructed all of the Alsco employees in the Washington, D.C. plant not to communicate with Mr. Barry.

45.    This instruction, in conjunction with Mr. Notabartolo's public escort of Mr. Barry out of the office, clearly conveyed to the employees and other third parties that Alsco had made a determination that Mr. Barry was guilty of professional misconduct, including inappropriate sexual conduct under the influence of alcohol.

46.    When Mr. Barry arrived at home after being removed from the Alsco office, he found that Bob Earl, Alsco's AGM with whom Mr. Barry worked, and Bob Earl's wife, Jeanette, had blocked Mr. Barry and Mr. Barry's wife on Facebook.

47.    People from other Alsco branches reached out to Mr. Barry and his wife asking questions about Mr. Barry's "out of service" status.

48.    Notwithstanding Ms. Hutter's and Mr. Notabartolo's representation to the contrary, it became apparent that Alsco representatives were not keeping information related to the confidential.

7

49.     It also became apparent that Alsco conveyed to its employees that a determination had been made that Mr. Barry was guilty of professional misconduct, including inappropriate sexual conduct under the influence of alcohol, by openly and obviously escorting Mr. Barry out of the Alsco office and by instructing other Alsco employees not to communicate with Mr. Barry.

50.     Any statement that Mr. Barry engaged in any professional misconduct, including inappropriate sexual conduct under the influence of alcohol, no matter what form the statement was delivered – whether it was in oral statements or the message conveyed by Alsco's actions of having Mr. Barry publicly removed from the office in the course of the investigation of alleged inappropriate sexual conduct under the influence of alcohol – is false and incorrect.

51.     On February 5, 2024, at approximately 3:00 p.m., the day before Ms. Hutter and Mr. Notabartolo informed Mr. Barry the investigation would conclude, Mr. Jones called Mr. Barry and asked him to come to Alsco's office.

52.     Because Mr. Barry could not travel from his home to Alsco's office by the close of business, Mr. Barry and Mr. Jones agreed to meet at the office on February 6, 2024 at 4:00 p.m.

53.     On February 5, 2024, Mr. Barry also learned that Alsco had not interviewed many of the attendees of the Party who had interacted with Mr. Barry and witnessed his behavior firsthand.

54.     Upon information and belief, if interviewed, these attendees would have confirmed that Mr. Barry was not intoxicated and did not engage in any inappropriate conduct, sexual or otherwise.

55.     At approximately 3:50 p.m. on February 6, 2024, Mr. Barry arrived at the Alsco office as Mr. Jones had requested.

56.    When Mr. Barry arrived, a police officer in a marked squad car was present in the office parking lot.

57.    Mr. Notabartolo escorted Mr. Barry into a conference room where Mr. Jones was waiting. During the meeting that followed, Mr. Jones advised Mr. Barry that Alsco had completed its investigation and decided to terminate Mr. Barry's employment.

58.    Mr. Jones then handed Mr. Barry a letter dated February 5, 2024 on Alsco letterhead and signed by Mr. Jones that stated, in part, "your employment is being terminated for violation of the Alsco Sexual Harassment Policy (see, e.g., Section 1.1.3) and standards of conduct (see, e.g., Section 4.15) set forth in the Employee Handbook, as well as violation of SOP 1700 (Discrimination and Harassment Prevention and Complaint Procedures Policy)."

59.    Mr. Barry enquired as to whether Alsco would share any of the details of the investigation with him, but Mr. Jones refused to do so.

60.    Mr. Barry was then presented with a box into which someone from Alsco had unceremoniously tossed Mr. Barry's personal belongings from his office, including his military awards.

61.    Once again, Mr. Barry was publicly escorted out of the Alsco office, this time with his box of belongings in his arms, by Jennifer Pena ("Ms. Pena"), an Alsco HR Manager who previously had reported to Mr. Barry.

62.    Because Mr. Barry had driven to the office in his company car, the keys to which he had to hand over to Mr. Jones upon his termination, Mr. Barry had to call his wife for a ride home.

63.    Given the distance between the Barrys' home and the Alsco office, it took Mrs. Barry 45 minutes to arrive.

64.    For the entirety of those 45 minutes, Ms. Pena waited with Mr. Barry.

65.    Mr. Barry was embarrassed and humiliated to have been escorted out of the Alsco office, with his box of belongings in his hands, and with a marked police car in the parking lot, presumably to keep an eye on him, in full view of the Alsco employees and other third parties who were coming and going from the Alsco grounds.

66.    This second public escort by Alsco of Mr. Barry out of the office was an obvious indication to his staff and third parties that Alsco had determined Mr. Barry was guilty of a crime or misconduct and that Alsco had made a determination that Mr. Barry was guilty of professional misconduct, including inappropriate sexual conduct under the influence of alcohol.

67.    Despite his eight years of demonstrably excellent work for Alsco, Alsco failed and refused to timely advise Mr. Barry of the allegations purportedly made against him to allow him a meaningful opportunity to defend himself.

68.    At no point following the ten-minute meeting on February 2, 2024 was Mr. Barry given an opportunity to address or respond to the allegations made against him.

69.    Alsco failed and refused to perform a thorough, competent, or meaningful investigation into the allegations of inappropriate sexual conduct under the influence of alcohol purportedly made against Mr. Barry.

70.    Alsco's stated reasons for terminating Mr. Barry's employment - his purported violation of the Alsco Sexual Harassment Policy and standards of conduct as well as violation of SOP 1700 (Discrimination and Harassment Prevention and Complaint Procedures Policy) - are incorrect, untrue, and unsupported.

71.    Alsco, through Ms. Hutter, Mr. Notabartolo, and/or Mr. Jones, communicated the incorrect, untrue, and unsupported statement that Mr. Barry had engaged in professional

misconduct, including inappropriate sexual conduct under the influence of alcohol, to Alsco employees and others on at least February 2, 2024 and February 6, 2024.

72.     As a direct and proximate result of Alsco's purported investigation and its communication to its employees and other third parties, both by words and by actions, without having conducted any thorough, competent, or meaningful investigation, that Mr. Barry had been determined to have engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, Mr. Barry has suffered and continues to suffer severe mental anguish and emotional distress which manifests itself in sleeplessness, anxiety, and feeling physically ill for which he has sought treatment.

73.     Alsco's incorrect, untrue, and unsupported statements that Mr. Barry engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, have damaged Mr. Barry's good reputation in his professional industry.

74.     Alsco's incorrect, untrue, and unsupported statements that Mr. Barry engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, have damaged Mr. Barry's good reputation among his colleagues, peers, friends and family.

75.     As a direct and proximate result of Alsco's incorrect, untrue, and unsupported statements that Mr. Barry engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, despite diligent search, Mr. Barry has been unable to secure employment working in the same or substantially similar capacity as an executive level manager and has not been able to secure employment earning the same or similar compensation he had been earning at Alsco.

76.     Following the termination of Mr. Barry's employment, Alsco hired Tony Tamanini to replace Mr. Barry as the General Manager of the DC/Baltimore office.

77.    Mr. Tamanini was one of the attendees of the Party.

78.    At the Party, Mr. Tamanini engaged in the same conduct as Mr. Barry.

79.    Although Alsco claimed to have terminated Mr. Barry's employment due to his supposed conduct at the party, Alsco still promoted Mr. Tamanini into Mr. Barry's position, despite Mr. Tamanini having engaged in the same conduct.

80.    The purported basis for Alsco's termination of Mr. Barry's employment, as stated in Alsco's letter of February 5, 2024, is incorrect and untrue.

## COUNT I
### (DEFAMATION)

81.    The allegations set forth in Paragraphs 1 through 80 above are incorporated herein as though fully restated.

82.    Alsco's incorrect, untrue, and unsupported statements and actions conveying to Alsco's employees and other third parties that Mr. Barry engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, exposed Mr. Barry to public scorn, hatred, contempt and ridicule.

83.    Alsco's incorrect, untrue, and unsupported statements and actions conveying to Alsco's employees and other third parties that Mr. Barry engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, imputed to Mr. Barry a lack of capacity or qualification to properly fulfill the duties and responsibilities of his profession of overseeing and managing employees and the other responsibilities of an executive General Manager.

84.    Alsco's actions and conduct complained of herein occurred in the presence of Mr. Barry's subordinates and other third parties who had no reasonably necessary use or purpose in

the false allegations lodged against Mr. Barry or in Alsco's incorrect determination that Mr. Barry had engaged in any professional misconduct.

85.     Alsco's incorrect, untrue, and unsupported statements and actions conveying to Alsco's employees and other third parties that Mr. Barry engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, were made and performed with either knowledge of their falsity, or with reckless disregard of the truth.

86.     Alsco was negligent in its failure to ascertain the truth and failure to conduct a reasonably thorough, competent, and meaningful investigation into the allegation of professional misconduct lodged against Mr. Barry.

87.     Alsco owed Mr. Barry a duty of care to conduct a thorough, competent, and meaningful investigation of the allegation of professional misconduct lodged against the Plaintiff.

88.     Alsco breached its duty of care by failing to protect the confidentiality and integrity of the investigation, in allowing confidential information to reach personnel who did not have a need to know, in failing to interview multiple individual who were present at the Party and who observed Mr. Barry's behavior at the Party, and in failing to provide Mr. Barry a reasonable opportunity to address and respond to the specific allegation against him.

89.     As a direct and proximate result of Alsco's false and defamatory statements and actions conveying false and defamatory statements about Mr. Barry, Mr. Barry has suffered damage including but not limited to injury to his good personal and professional reputation, severe emotional distress, mental anguish and suffering and the cost of seeking treatment for these conditions, a diminished ability to secure employment in his chosen profession, and a diminished ability to secure compensation from new employment at the same level he earned at Alsco.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests this Court to enter judgment in his favor against Defendant Alsco Inc. in the amount of $6,000,000, to enter an order compelling Alsco to withdraw its February 5, 2024 letter stating that Plaintiff engaged in any professional misconduct, to award Plaintiff his costs and fees incurred in this litigation, and for such other and further relief as this Court deems appropriate.

**COUNT II**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

90.    Plaintiff re-alleges the information set forth in Paragraphs 1 through 89 above are incorporated herein as though fully restated.

91.    Alsco's conduct of (i) terminating Mr. Barry's employment for purported professional misconduct, including purported inappropriate sexual conduct under the influence of alcohol, without conducting a thorough, competent or meaningful investigation and without affording Mr. Barry an opportunity to meaningfully defend himself; (ii) issuing Mr. Barry a letter dated February 5, 2024 stating that Alsco determined that he engaged in professional misconduct, including violation of the Alsco Sexual Harassment Policy and standards of conduct set forth in the Employee Handbook, as well as violation of SOP 1700 (Discrimination and Harassment Prevention and Complaint Procedures Policy) without conducting a thorough, competent or meaningful investigation and without affording Mr. Barry an opportunity to meaningfully defend himself; and (iii) communicating to its employees and other third parties, the false and defamatory information that Mr. Barry had engaged in professional misconduct, including inappropriate sexual conduct under the influence of alcohol, by its statements and its actions of twice publicly escorting Mr. Barry out the Alsco office in the course of its purported investigation, were each performed intentionally or recklessly.

92.     Alsco's conduct described above was extreme and outrageous, particularly in light of the fact that Mr. Barry had been a model employee for eight years with no history of any negative evaluations and no history of any disciplinary action.

93.     As a direct and proximate result of Alsco's conduct described above, Mr. Barry has suffered and continues to suffer severe and extreme emotional distress and mental anguish which manifests itself in in sleeplessness, anxiety, and feeling physically ill, for which Mr. Barry has and continues to seek treatment.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests this Court to enter judgment in his favor against Defendant Alsco Inc. in the amount of $6,000,000, to enter an order compelling Alsco to withdraw its February 5, 2024 letter stating that Plaintiff engaged in any professional misconduct, to award Plaintiff his costs and fees incurred in this litigation, and for such other and further relief as this Court deems appropriate.

### COUNT III
### (WRONGFUL/ABUSIVE TERMINATION)

94.     Plaintiff re-alleges the information set forth in Paragraphs 1 through 93 above are incorporated herein as though fully restated.

95.     Maryland public policy expressly and clearly aims to protect those who have been subjected to bona fide sexual harassment.

96.     The effectiveness of this Maryland public policy relies on the accuracy of allegations made against the perpetrators of sexual harassment.

97.     This Maryland public policy is undermined—and contravened—where false accusations of sexual harassment are levied against individuals who have not engaged in sexual harassment.

15

98.    This Maryland public policy is undermined—and contravened—where accusations of sexual harassment are levied without a proper investigation.

99.    It is contrary to Maryland public policy to levy unsubstantiated and false allegations of sexual harassment.

100.    Mr. Barry did not perform any act that constitutes sexual harassment at the Party.

101.    Alsco has falsely accused Mr. Barry of sexual harassment and, on that basis, terminated his employment.

102.    Alsco terminated Mr. Barry based on, *inter alia*, false allegations of sexual harassment.

103.    Alsco did not perform a proper investigation before levying false accusations of sexual harassment against Mr. Barry and terminating his employment.

104.    Alsco's conduct in connection with discharging Mr. Barry, as described above, clearly contravenes the Maryland public policy of protecting those who have been subjected to bona fide sexual harassment.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests this Court to enter judgment in his favor against Defendant Alsco Inc. in the amount of $6,000,000, to enter an order compelling Alsco to withdraw its February 5, 2024 letter stating that Plaintiff engaged in any professional misconduct, to award Plaintiff his costs and fees incurred in this litigation, and for such other and further relief as this Court deems appropriate.

A TRIAL BY JURY IS DEMANDED.

Dated: November 19, 2024

Respectfully submitted,

Ryan Barry

By counsel:

Jason C. Constantine
MOORE & LEE, P.C.
1751 Pinnacle Drive, Suite 1100
McLean, Virginia 22102
Tel: (703) 506-2050
Fax: (703) 506-2051
*J.Constantine@mooreandlee.com*

*Counsel for Plaintiff Ryan Barry*

## MD RULE 1-313 CERTIFICATION

Pursuant to Maryland Rule 1-313, I hereby certify that I am admitted to practice law in the

State of Maryland and am a member in good standing of the Maryland Bar.

Jason C. Constantine