IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **RYAN BARRY** *Plaintiff*, v. **ALSCO INC.**, *Defendant*. | Civil Action No: 8:24-cv-3590-PX |

### DEFENDANT ALSCO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant Alsco Inc. ("Defendant" or "Alsco"), by and through its undersigned counsel, respectfully submits this Opposition to Plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum in Support (the "Motion") (ECF No. 15) filed by Plaintiff Ryan Barry ("Plaintiff") and states:

### INTRODUCTION

Plaintiff's Motion for Leave to Amend the Complaint should be denied. This Court provided Plaintiff with the opportunity to seek leave to amend the Complaint "to cure the pleading deficiencies, if possible." Memorandum Opinion ("Memo. Op."), ECF No. 13 at 9. However, Plaintiff's proposed first amended complaint (Exhibit A to ECF No. 15) ("Amended Complaint"), which contains only one count for defamation, suffers from the same deficiencies as the Complaint, once again failing to provide facts sufficient to state a claim for relief.[1] The Amended Complaint

---

[1] Plaintiff concedes that he lacked facts to state a claim for his two other counts from the original Complaint. He did not attempt to amend Count II (Intentional Infliction of Emotional Distress) or Count III (Wrongful Termination). Because this Court's deadline for Plaintiff to seek leave to amend the complaint has now passed, Count II and Count III have been dismissed with prejudice. Memo. Op. at 7, 9.

1

fails to meaningfully address the dearth of facts necessary to plead defamation with the required specificity, leaving his defamation allegation "too generalized to make the claim plausible." Memo. Op. at 5. For these reasons, as set forth in further detail below, Plaintiff's Motion should be denied and the lawsuit should be dismissed, with prejudice.

## STANDARD OF REVIEW

Although Federal Rule of Civil Procedure 15(a)(2) generally directs courts to "freely give leave [to amend pleadings] when justice so requires," a district court may deny "[A] post-judgment motion to amend [] under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 113 (4th Cir. 2025), *petition for cert. docketed by MSP Recovery Claims, Series LLC, a Delaware Series Limited Liability Company, et al. v. Lundbeck LLC, a Delaware Corporation, et al.*, U.S., June 26, 2025 (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) (brackets in original)). "A proposed amendment is considered futile if it cannot withstand a motion to dismiss." *Carrero v. Farrelly*, 310 F. Supp. 3d 542, 545 (D. Md. 2018) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). A complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12 (b)(6).

## ARGUMENT

I. **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE PROPOSED AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] plaintiff must plausibly allege facts that, if proven, would be sufficient to establish each element of the claim." *Harvey v. Cable News Network, Incorporated*, 48 F.4th 257, 268–69 (4th Cir. 2022). Even though the Court must accept as true all factual allegations in a complaint, "a court is not

required to accept legal conclusions drawn from the facts." *State Farm Mutual Automobile Insurance Company v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 552 (D. Md. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). "Where a plaintiff fails to state a claim in his amended complaint after having been 'advised with specificity of the legal deficiencies' in the initial complaint, dismissal with prejudice is appropriate." *Harvey*, 48 F.4th at 269 (quoting *Watkins v. Wash. Post*, No. PWG-17-818, 2018 WL 805394, at *8 (D. Md. Feb. 9, 2018)).

A plaintiff asserting a claim for defamation under Maryland law must allege sufficient facts to establish four elements: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Offen v. Brenner*, 402 Md. 191, 198, 935 A.2d 719 (2007) (citing *Smith v. Danielczyk*, 400 Md. 98, 115, 928 A.2d 795 (2007)). Although defamation claims are not subject to a heightened pleading standard, the complaint "must allege **specific facts** establishing [the] four elements" of defamation. *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (emphasis added). Additionally, as the Appellate Court of Maryland stated:

> [n]ot every statement that casts an unfavorable or unappealing light on the plaintiff, however, even when established to have been interpreted as disparaging, constitutes an actionable claim of defamation. *To determine whether the [] court should attribute a defamatory meaning to the statement in question, the court must consider the entire publication and the context in which it was made.*

*Shulman v. Rosenberg*, No. 1683, Sept. Term, 2016, 2017 WL 5172642 at *11 (Md. App. Nov. 8, 2017) (emphasis added).

This Court dismissed Plaintiff's Complaint because it "fail[ed] to plead alleged defamatory statements with sufficient specificity." Memo. Op. at 5. Plaintiff's only substantive attempt to

3

correct this deficiency is contained in four paragraphs in the Amended Complaint, none of which correct the issue and which Defendant will address in turn.

### A. Plaintiff's allegations in paragraphs 65, 66, and 67 of the Amended Complaint fail to establish that Alsco made a defamatory statement.

To establish the first element of a defamation claim, Plaintiff must plead facts sufficient to allege that Alsco "communicated a statement…to a third person **who reasonably recognized the statement as being defamatory**." *Shapiro v. Massengill*, 105 Md. App. 743, 772, 661 A.2d 202 (1995) (quoting *Kairys v. Douglas Stereo Inc.*, 83 Md. App. 667, 678, 577 A.2d 386 (1990) (emphasis added)). "The determination whether a statement is defamatory is one of law and is to be made by the court." *Piscatelli v. Smith*, 197 Md. App. 23, 37–38, 12 A.3d 164 (2011) (citing *Chesapeake Publishing v. Williams*, 339 Md. 285, 295, 661 A.2d 1169 (1995)).

Plaintiff alleges in the Amended Complaint, as he did in the Complaint, that Alsco defamed him by accusing him of "professional misconduct, including inappropriate sexual misconduct under the influence of alcohol." Amended Complaint at ¶1. Citing § 570 of the Restatement (Second) of Torts (1977), this Court explained that

> [o]ne who publishes matter defamatory to another in such a manner as to make the publication a slander is subject to liability to the other although no special harm results if the publication imputes to the other (a) a criminal offense, as stated in § 571, or (b) a loathsome disease, as stated in § 572, or (c) matter incompatible with his business, trade, profession, or office, as stated in § 573, or (d) *serious sexual misconduct*, as stated in § 574.

*Solomon Foundation v. Christian Fin. Resources, Inc.*, No. 1:22-cv-00993-JRR, 2023 WL 3058321 at *4 (D. Md. Apr. 24, 2023). The *only* new substantive allegations in the Amended Complaint are contained in just four paragraphs:

- John Wolcott, Alsco's former Corporate Service Manager, heard that Mr. Barry had been terminated because (*sic*) his alleged conduct at the holiday party; specifically, because Mr.

> Barry had purportedly been "**aggressive towards a woman at the holiday party**." According to Mr. Wolcott, he heard this from Ryan Howick, Alsco's Regional Service Manager.[2] *Id.* at ¶65 (emphasis added).
> - According to Mr. Wolcott, Mr. Howick also stated that **Mr. Barry's wife was the one who initially reported the supposed incident** to Alsco's corporate office. *Id.* at ¶66 (emphasis added).
> - Gasper Gomez, an Alsco maintenance technician, independently informed Mr. Barry that he had heard Mr. Barry had been "**disrespectful toward a woman**" at the holiday party. Mr. Gomez did not identify the source of this information but confirmed that such statements have circulated among Alsco employees. *Id.* at ¶67 (emphasis added).

None of these newly-alleged statements show that Alsco accused Plaintiff of committing a crime, having a disease, *impugned his work performance*, or that he engaged in *serious sexual misconduct* such that these alleged statements could be considered defamatory *per se*. *See, e.g.*, *Solomon Foundation*, 2023 WL 3058321 at *4 (statements that the plaintiff "is operating a criminal 'Ponzi Scheme; is thinly capitalized; makes loans that cannot be 'repaid'; makes 'bad loans'; and uses lines of credit to 'prop up' the 'bad loans'" are defamatory *per se*); *Horton v. Cullen*, No. GLS-22-2951, *slip op.* 2024 WL 4169976 at * 7 (D. Md. Sept. 12, 2024) (statements accusing plaintiff of child sex abuse were defamatory *per se*).

At most, the alleged statements are that Plaintiff was "aggressive" or "disrespectful toward a woman at the holiday party," that Plaintiff's wife allegedly reported the behavior first, and that Plaintiff was dismissed for "conduct unbecoming." These statements, standing alone, do not "tend[] to expose [Plaintiff] to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Gohari v. Darvish*, 363 Md. 42, 51, 767 A.2d 321 (2001).

---

[2] At the time of Plaintiff's termination, Mr. Wolcott was still employed by Alsco and was Mr. Howick's supervisor. Mr. Howick's region included Plaintiff's branch location.

Further, Plaintiff does not provide any context surrounding the publication of these statements that would permit the Court to attribute defamatory meaning as required to set out a claim for defamation *per quod*. Plaintiff does not provide any facts showing when or where these statements were allegedly made. Plaintiff spends the bulk of the Amended Complaint describing the circumstances under which he was escorted from the Lanham plant on two occasions, but he does not state whether Mr. Wolcott, Mr. Howick, or Gasper Gomez witnessed that interaction. Plaintiff fails to identify who Gasper Gomez allegedly heard the statement from, nor does Plaintiff tie it to Plaintiff's termination.

Plaintiff also fails to state whether Mr. Wolcott, Mr. Howick, or Gasper Gomez were at the holiday party. This context is important because, for the statements to have been defamatory, they must have been published to "a third person who reasonably recognized the statement as being defamatory." *Carter v. Amtrack Sports and Entertainment Services, Inc.*, 153 Md. App. 210, 237, 835 A.2d 262 (2003) (quoting *Peroutka v. Streng*, 116 Md. App. 301, 311, 695 A.2d 1287 (1997)). Plaintiff provides no facts to establish that these individuals reasonably recognized the alleged defamatory character of these statements.

### B. Plaintiff's allegation in paragraph 68 is insufficient to support a claim of defamation.

Plaintiff's Amended Complaint states that

> Mr. Barry also learned that Mr. Jones stated to at least one individual that **Mr. Barry was dismissed for "conduct unbecoming,"** clearly referring to the same alleged conduct that formed the basis for Alsco's accusation that Mr. Barry had violated the company's sexual harassment policy. This vague and stigmatizing characterization further contributed to the circulation of false and defamatory accounts of Mr. Barry's behavior. *Id.* at ¶68 (emphasis added).

Plaintiff's allegation that "Mr. Jones stated to at least one individual that Mr. Barry was dismissed for 'conduct unbecoming,'" suffers from the same deficiencies as the Complaint. As discussed in

6

Section I.A, *supra*, Mr. Jones's statement is not defamatory *per se*. *Solomon Foundation*, 2023 WL 3058321 at *4. "To survive a motion to dismiss in a defamation *per quod* case, the complaint must allege such extrinsic facts." *Clayton v. Fairnak*, No. JKB-18-2134 , 2018 WL 6446440 at *2 (D. Md. Dec. 10, 2018). The Amended Complaint does not state when, where, or to whom Mr. Jones made the alleged statement. Plaintiff himself acknowledges that Mr. Jones's alleged statement is "vague." Amended Compl. at ¶68. Such "vague and hazy allegations" are insufficient to support a claim of defamation because there are no facts establishing the defamatory nature of the statement nor whether it was communicated to someone who recognized it as defamatory. *State Farm Mutual Automobile Insurance Company v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 568 (D. Md. 2019).

Plaintiff also fails to provide facts sufficient to establish the falsity of Mr. Jones's statement. Plaintiff alleges that Mr. Jones stated that Plaintiff was terminated for "conduct unbecoming," which *Plaintiff admits in the Amended Complaint is true*. *See* Amended Complaint at ¶48 (admitting that Mr. Barry was terminated for, among other things, violating Alsco's "standards of conduct."). Mr. Barry was, in fact terminated for "conduct unbecoming." Therefore, this statement is not false and cannot be the basis of a defamation claim.

Plaintiff attempts to imply that Mr. Jones's statement was defamatory based on Plaintiff's own knowledge that he was terminated for violating multiple Alsco policies. Amended Compl. at ¶47 (admitting that Plaintiff's termination was also based on his alleged violation of the Alsco Sexual Harassment Policy). Where a plaintiff attempts to "base a claim for defamation on what is allegedly implied rather than specifically stated…', a libel-by-implication plaintiff must make an especially rigorous showing where the expressed facts are **literally true**.'" *Harvey v. Cable News Network*, 520 F. Supp.3d 693, 715 (D. Md. 2021) (quoting *Chapin v. Knight-Ridder, Inc.*, 993 F.2d

7

1087, 1092–93 (4th Cir. 1993)) (internal citation omitted).  Plaintiff fails to provide any facts to support the implication that Mr. Jones's alleged statement was defamatory, let alone "an especially rigorous showing."

Crucially, this Court explicitly declined to draw the inference that any alleged statements were defamatory based on the circumstances surrounding Alsco's investigation and Plaintiff's termination.  *See* Memo. Op. at 6 (stating that "Alsco's having paraded Barry in front of coworkers and a squad car… do not reveal the nature of the alleged wrongdoing" and that "the 'unfriending' speaks to a coworker's efforts to distance himself from Barry, but does not add detail or make any more definite the alleged defamatory statements.").  Plaintiff's addition of a true statement is insufficient to warrant a change in the Court's analysis.

The Amended Complaint fails to meaningfully address the deficiencies outlined by this Court in its Memorandum Opinion.  "Where a plaintiff fails to state a claim in his amended complaint after having been 'advised with specificity of the legal deficiencies' in the initial complaint, dismissal with prejudice is appropriate."  *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 269 (4th Cir. 2022) (quoting *Watkins v. Wash. Post*, No. PWG-17-818, 2018 WL 805394, at *8 (D. Md. Feb. 9, 2018)).  Because the Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff's Motion should be denied.

## II.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE

"A proposed amendment is considered futile if it cannot withstand a motion to dismiss." *Carrero v. Farrelly*, 310 F. Supp. 3d 542, 545 (D. Md. 2018) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).  *See also Cuffee v. Verizon Communications, Inc.*, 155 F. Supp. 2d 672, 680 (D. Md. 2010) (holding that amendment of the complaint would be futile where plaintiff failed to exhaust her administrative remedies and granting defendant's motion to dismiss).  As the

Fourth Circuit explained, "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Capital Corporation Securities Litigation*, 988 F.3d 743, 750 (4th Cir. 2021) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). Plaintiff must plead facts sufficient to support *all* elements of a claim for defamation. However, Plaintiff fails to plead sufficient facts to support that Alsco made any defamatory statements to a third party who reasonably recognized them as defamatory or that Mr. Jones's alleged statement was false. Because Plaintiff fails to provide facts sufficient to establish each and every element of a claim of defamation, the Amended Complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12 (b)(6). Further amendment would be futile.

Plaintiff failed to address the deficiencies in the Amended Complaint that this Court previously pointed out with specificity. Therefore, Plaintiff's Motion for Leave to Amend the Complaint should be denied.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave to Amend the Complaint and dismiss the Complaint in its entirety, with prejudice.

Dated: July 23, 2025          Respectfully submitted,

                                       /s/ *Suzzanne W. Decker*
                                       Suzzanne W. Decker, Fed. Bar No. 24001
                                       Tonya R. Foley, Fed. Bar No. 30470
                                       **MILES & STOCKBRIDGE P.C.**
                                       100 Light Street
                                       Baltimore, Maryland 21202
                                       Phone: (410) 385-3417
                                       Fax: (410) 385-3700
                                       Email: sdecker@milesstockbridge.com
                                       Email: tfoley@milesstockbridge.com
                                       *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July 2025, the foregoing **Defendant Alsco Inc.'s Opposition to Plaintiff's Motion for Leave to Amend the Complaint, Proposed Order, and Memorandum of Law in Support** was filed and served electronically via this Court's CM/ECF system to counsel of record for Plaintiff.

                                       */s/ Suzzanne W. Decker*
                                       Suzzanne W. Decker