IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN BARRY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 8:24-cv-3590-PX |
| | * |
| | * |
| ALSCO INC., | * |
| | * |
| Defendant. | |

******

**MEMORANDUM ORDER**

Pending is Plaintiff Ryan Barry ("Barry")'s motion for leave to file an amended complaint, ECF No. 15, which Defendant Alsco Inc. ("Alsco") opposes. ECF No. 16. The Court finds no need for a hearing. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted.

The Court has previously recited the operative facts in its prior Opinion at ECF No. 13 and will not repeat them here. Suffice to say the lawsuit arises from a holiday party that Barry hosted in his capacity as General Manager for one of Alsco's textile plants. ECF No. 3 ¶ 2. Alsco summarily terminated Barry, without conducting any due diligence, for engaging in sexually inappropriate behavior while intoxicated at the party. From this, Barry sued Alsco for defamation (Count I), intentional infliction of emotional distress (Count II), and wrongful termination in violation of public policy (Count III). The Court dismissed all claims without prejudice for lack of sufficiency and granted Barry fourteen days to seek leave to amend the Complaint to cure the pleading deficiencies. ECF Nos. 13 & 14.

1

Barry now seeks leave to file an amended complaint in which he pursues only the defamation count. ECF No. 15. The Court had previously dismissed this claim solely because Barry had not pleaded the defamatory statements with sufficient specificity. *See* ECF No. 13 at 5. The proposed amended complaint now identifies four sets of comments in support of the claim. ECF No. 15-1. First, contemporaneous with Alsco's investigation and termination of Barry, Human Resource supervisors Maggan Hutter and Giovanni Notabartolo told Alsco employees that Barry had engaged in inappropriate sexual conduct while intoxicated, to include Barry having "hugged someone, caressed their head, and stated that he loved them." *Id.* ¶¶ 59–60. Second, Alsco Regional Service Manager Ryan Howick ("Howick") told employee John Wolcott ("Wolcott") that Barry had been fired for being "aggressive towards a woman at the holiday party." *Id.* ¶ 65. Howick also said that Barry's wife had reported Barry to Alsco's corporate office. *Id.* ¶ 66. Third, Gasper Gomez ("Gomez") confirmed that rumors were circulating that Barry had been "disrespectful toward a woman" at the party. *Id.* ¶ 67. And finally, Alsco Regional Manager Bob Jones ("Jones") told "at least one individual," that Barry had been fired for "conduct unbecoming." *Id.* ¶ 68.

Alsco urges the Court to deny Barry's motion, contending that the added facts simply do not make plausible the claim and so, allowing amendment would be futile. ECF No. 16. A request to amend pleadings should be granted liberally, unless amendment would be prejudicial, futile or is brought in bad faith. *See* Fed. R. Civ. P. 15(a)(2); *Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel.*

*Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)) (internal quotation marks omitted). In assessing whether a claim is futile, the Court reviews the claim for sufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kerrigan v. Bd. of Educ. of Carroll Cnty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016). The Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The factual allegations must be enough to "raise a right to relief above the speculative level." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The defamation claim will survive challenge if sufficient facts aver that Alsco's agents "(1) made a defamatory statement to a third person, (2) the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Offen v. Brenner*, 935 A.2d 719, 723–24 (Md. 2007) (citing *Smith v. Danielczyk*, 928 A.2d 795, 805 (Md. 2007)).[1] Although defamation is not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), the claim must nonetheless be supported by specific facts to make plausible all four elements. *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012). *See also Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) ("Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.") (citation omitted); *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757–58 (D. Md. 2015); *Brown v. Ferguson Enters., Inc.*, No. CCB-12-1817, 2012 WL 6185310, at *3 (D. Md. Dec. 12, 2012). Because "each act of defamation is a separate tort," the plaintiff must allege the claimed false

---

[1] Barry proceeds under a vicarious liability theory for statements allegedly made by agents of the corporation within the scope of their employment. *Garnett v. Remedi Seniorcare of Virginia, LLC*, 892 F.3d 140, 142–45 (4th Cir. 2018). *See also Lora v. Ledo Pizza Sys., Inc.*, No. CV DKC-16-4002, 2017 WL 3189406, at *9 (D. Md. July 27, 2017).

statements with sufficient specificity. *Eng. Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999) (unpublished table decision).

Under Maryland law, where the alleged false statements alone "impute the defamatory character such that the plaintiff need not plead additional facts demonstrating their defamatory nature," the plaintiff has alleged defamation *per se*. *Solomon Foundation v. Christian Fin. Resources, Inc.*, No. JRR-22-00993, 2023 WL 3058321, at *4 (D. Md. Apr. 24, 2023) (quoting *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp 3d 355, 366 (D. Md. 2017)). *See also Metromedia, Inc. v. Hillman*, 400 A.2d 1117, 1123 (Md. 1979). Defamation *per se* customarily arises where the alleged false statements concern commission of a crime, serious sexual misconduct, or lack of fitness to handle job responsibilities. *Solomon Foundation*, 2023 WL 3058321, at *4. Defamation *per quod*, on the other hand, arises where the alleged statement is considered defamatory only when extrinsic evidence "demonstrate[s] 'the defamatory character of the words sued upon.'" *Id.* at *3 (citing *Johns Hopkins Health Sys. Corp.*, 274 F. Supp 3d at 366) (quoting *Metromedia*, 400 A.2d at 1117). "Whether an alleged statement is *per se* or *per quod* is a question of law for the court." *Samuels v. Tschechtelin*, 763 A.2d 209, 244–45 (Md. 2000).

Alsco contends that the pleaded facts are insufficient under either theory of defamation. The Court disagrees. At a minimum, Barry has averred sufficiently specific statements that, when taken in the context of the larger alleged wrongful termination, constitute defamation *per quod*. The alleged comments that Barry had engaged in inappropriate sexual conduct while intoxicated, to include having "hugged someone, caressed their head, and stated that he loved them;" that he had been "aggressive towards a woman at the holiday party;" and that he was "disrespectful" to a female guest, are sufficiently specific in what was said and to whom to ascertain their alleged falsity. ECF No. 16 at 3–8. Indeed, Alsco summarily fired Barry after a lackluster investigation

for alleged sexual misconduct at the holiday party. ECF No. 15-1 at ¶¶ 25–58. Twice he was escorted off the property, once with a marked police cruiser nearby, allowing others to reasonably infer that he had committed some serious, daresay criminal, misconduct leading to his termination. Against this backdrop, the statements that falsely attributed to Barry "aggressive" sexual misconduct aimed at a party guest are sufficiently contextualized to survive challenge at the dismissal stage.

For the same reason, the Court rejects Alsco's contention that because neither Wolcott, Howick nor Gomez were at the holiday party, they could not have understood the statements to have been defamatory. ECF No. 16 at 6 (citing *Carter v. Amtrack Sports and Entertainment Services, Inc.*, 835 A.2d 262 (Md. 2003)). Not so. The proposed amendment robustly pleads that the circumstances of Barry's firing was a poorly kept secret at the Alsco plant. ECF No. 15-1. Accordingly, when drawing all inferences in favor of Barry, as the Court must, it is fair to conclude that Wolcott, Howick and Gomez understood the defamatory character of the statements.[2] The Court thus grants the motion to amend the Complaint.

Based on the foregoing, it is this 27th day of October 2025, by the United States District Court for the District of Maryland, **ORDERED** that:

(1) Plaintiff Ryan Barry's Motion to Amend the Complaint (ECF No. 15) is **GRANTED**;

(2) The Clerk is **DIRECTED** to docket ECF No. 15-1 separately as the Amended Complaint;

(3) Defendant Alsco shall answer the Amended Complaint within fourteen days from the date of this Order.

(4) The Clerk is further directed to **TRANSMIT** copies of this Order to the parties.

---

[2] Alsco separately challenges that Jones' comment about Barry having been fired for "conduct unbecoming" is insufficient to sustain a defamation claim. ECF No. 16 at 7. The Court agrees that this statement alone does not make plausible its defamatory character under either a *per se* or *per quod* theory. Thus, the Court will construe the "conduct unbecoming" comment as context to support the other alleged defamatory statements that make plausible the claim.

| | |
|---|---|
| 10/27/2025 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |